IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:23-CR-78-KAC-DCP |
| KENNETH DEWAYNE HODGE, | ) | |
| CINDY RUTH GREEN, | ) | |
| SHANNON SCOTT BORDERS, | ) | |
| CARROLL RICHARD MATTHEWS, | ) | |
| JACK PAUL PALLASCHKE, | ) | |
| ANA-LEA MARIE KERR, | ) | |
| BERNARD GAITHER and | ) | |
| TIMOTHY ALAN DAVIS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Borders's Motion to Continue Trial Date and Deadlines [Doc. 46], filed on July 18, 2023, Defendant Hodge's Motion to Join Co-Defendant's Motion to Continue Trial Date and Deadlines (Doc. 46) [Doc. 66], Defendant Green's Motion to Continue Trial and Related Hearings and Deadlines [Doc. 68], and the remaining Defendants' responses [Docs. 48, 49, 51, 63, 67, 75].

In his motion [Doc. 46], Defendant Borders asks the Court to continue the September 5, 2023 trial date and all relevant deadlines. Counsel relates that he was appointed to represent Defendant Borders on July 18, 2023, the same day the instant motion was filed, and that not all Defendants charged in the Indictment have been brought into custody. Counsel states that he needs time to investigate the matters alleged in the Indictment, receive and review discovery, and discuss the discovery with his client. Counsel avers that failing to grant a trial continuance would result in him

being unable to provide effect assistance of counsel to his client. Counsel relates that counsel for the Government does not oppose the requested continuance.

On July 19, 2023, the Court ordered those parties whose positions were not stated in Defendant Borders's motion to file a notice stating their positions with respect to the requested continuance. On July 20, 2023, Defendant Kerr filed a notice [Doc. 48], in which counsel stated that he had discussed the instant continuance with Defendant, including the exclusion of time related to her speedy trial rights, and that Defendant did not object to the requested continuance. Defendant Matthews filed a notice that same day [Doc. 49], stating that Defendant is aware of how the requested continuance will affect his speedy trial rights and that he has no objection to the continuance. On July 21, 2023, Defendant Davis filed a notice of objection [Doc. 51], stating that he objects to the requested continuance. However, Defendant Davis filed a subsequent notice of no objection [Doc. 63] on July 26, 2023, withdrawing his previous objection, stating that he is aware of his speedy trial rights, and that he has no objection to the requested continuance.

On July 31, 2023, Defendant Hodge filed a Motion to Join Co-Defendant's Motion to Continue Trial Date and Deadlines (Doc. 46) [Doc. 66]. Counsel for Defendant Hodge relates that Defendant was arrested on July 21, 2023, and Federal Defenders Services of Eastern Tennessee, Inc. was appointed to represent Defendant that same day. Counsel states that as of the date of her filing, she was still awaiting discovery. Counsel states that additional time is necessary for all charged defendants to be brought into custody, for her to review and discuss the sizeable discovery with Defendant, and for her to confer with the Government regarding a possible resolution of this matter. Counsel avers that granting a continuance will serve the ends of justice in that the need for additional time to properly prepare the case outweighs the best interests of the public and Defendant in a speedy trial. Finally, counsel relates that Defendant Hodge, who is in custody pending trial, has had his

2

speedy trial rights explained to him and that he understands that the period of time between the filing of his motion and a rescheduled trial date would be fully excludable for speedy trial purposes.

On July 31, 2023, Defendant Pallaschke filed a notice of no objection [Doc. 67], in which counsel states that Defendant has no objection to the pending motions to continue, that counsel is similarly situated in that he needs additional time to seek a resolution of this matter, and that Defendant, who is in custody, understands the period of time between the filing of the continuance motion and a rescheduled trial date would be fully excludable for speedy trial purposes. On August 1, 2023, Defendant Green filed a Motion to Continue Trial and Related Hearings and Deadlines [Doc. 68]. Counsel relates that she was appointed to represent Defendant Green on July 26, 2023, after a conflict was discovered with prior counsel, that she is awaiting the transfer of discovery and will not have adequate time to prepare for trial under the current schedule, and that granting a continuance will serve the ends of justice. On August 7, 2023, Defendant Gaither filed a notice of no objection [Doc. 75], in which defense counsel states that he is similarly situated in that he needs additional time to seek a resolution of this matter, that Defendant is currently in custody, and that Defendant understands the period of time between the filing of the motion to continue and a rescheduled trial date would be fully excludable for speedy trial purposes.

Based upon the information provided by Defendants Borders, Hodge, and Green in their motions to continue as well as the lack of opposition by the Government and remaining Defendants, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for

Defendants Borders, Hodge, and Green were only recently appointed and need additional time to receive and review the discovery. They, and all other defense counsel, need time to confer with their clients, determine whether pretrial motions should be filed, engage in plea negotiations with the Government if they wish, and prepare for trial in the event plea negotiations are not fruitful—tasks made more difficult for some of the defense counsel based on their clients' pretrial detention. All of this cannot be done by the September 5, 2023 trial date.

The Court therefore **GRANTS** Defendant Borders's Motion to Continue Trial Date and Deadlines [**Doc. 46**], Defendant Hodge's Motion to Join Co-Defendant's Motion to Continue Trial Date and Deadlines (Doc. 46) [**Doc. 66**], and Defendant Green's Motion to Continue Trial and Related Hearings and Deadlines [**Doc. 68**]. The trial of this case is reset to **February 6, 2024**. A new, comprehensive, trial schedule is included below. Because the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the first motion to continue on July 18, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Borders's Motion to Continue Trial Date and Deadlines [**Doc. 46**], Defendant Hodge's Motion to Join Co-Defendant's Motion to Continue Trial Date and Deadlines (Doc. 46) [**Doc. 66**], and Defendant Green's Motion to Continue Trial and Related Hearings and Deadlines [**Doc. 68**] are **GRANTED;**

(2) The trial of this matter is reset to commence on **February 6, 2024, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the first motion on **July 18, 2023**, and the new trial date of **February 6, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **September 8, 2023**, and responses to motions are due on or before **September 22, 2023**;

(5) The deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 12, 2024**;

(6) The deadline for filing motions *in limine* is **January 22, 2024**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **January 23, 2024, at 10:00 a.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 26, 2024**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge