IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:23-CR-78-1-KAC-DCP |
| | ) | |
| KENNETH HODGE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the pro se Motion for New Counsel (Letter) [Doc. 149], filed on January 26, 2024, and the Motion to Substitute Counsel [Doc. 163], filed by Assistant Federal Defender Nakeisha Jackson ("Attorney Jackson") on February 9, 2024. *See* 28 U.S.C. § 636(b). The Court appointed Attorney Jackson and Federal Defender Services of Eastern Tennessee ("FDSET") to represent Defendant Hodge at the initial appearance and arraignment on July 21, 2023 [Doc. 56]. In his motion, Defendant states he has concerns regarding his representation, including the discovery in his case [Doc. 149 p. 1]. In response to the Court's Order of January 31, 2024 [Doc. 157] directing defense counsel to confer with Defendant concerning his filing, Attorney Jackson filed a Motion to Substitute Counsel, stating that she conferred with Defendant on four separate occasions and that the attorney-client relationship has deteriorated to the point that counsel cannot effectively work with the defendant to properly prepare the case for trial" [Docs. 163 p. 1]. She further states that Defendant directed counsel to file the motion for substitution, noting that he does not trust the legal advice of counsel [*Id.*].

The parties appeared for a hearing on these motions on February 23, 2024. Assistant United States Attorney Keith Hollingshead-Cook represented the Government. Attorney Jackson

appeared along with Defendant Hodge. CJA Panel Attorney Christopher Irwin was also present at the Court's request. At the hearing, Attorney Jackson stated that there was nothing more she could share outside a sealed hearing concerning the basis for the motion, and AUSA Hollingshead-Cook stated that the Government had no position on the motion.

The Court then conducted a sealed, *ex parte* portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court notes that it made inquiry of both Attorney Jackson and Defendant concerning the deterioration of the relationship and that based on their respective representations, the Court finds that a breakdown has occurred in the trust necessary to the attorney-client relationship and that the loss of trust compromises Attorney Jackson's ability to present a defense or render effective assistance of counsel.[1] Accordingly, the Court finds that good cause exists to substitute new counsel under the unique circumstances of this case.

Based upon good cause shown, the pro se Motion for New Counsel (Letter) [**Doc. 149**] and the Motion to Substitute Counsel [**Doc. 163**] are **GRANTED**. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (requiring defendant to show good cause for the substitution of counsel). Attorney Jackson and FDSET are relieved as counsel of record for Defendant Hodge and is **DIRECTED** to provide new counsel with discovery and the information from Defendant's file. The Court recognizes the need for Defendant to be represented continuously by counsel. Attorney Christopher Irwin ("Attorney Irwin") was present at the hearing and agreed to accept representation of Defendant. The Court **SUBSTITUTES** and **APPOINTS** Attorney Irwin under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant.

---

[1] The Court makes no finding regarding Ms. Jackson's representation of Defendant Hodge—only that her ability to render effective assistance is compromised due to the breakdown in communication and trust.

Defendant is encouraged to make every effort to work with Attorney Irwin through the remainder of his case.

Accordingly, it is **ORDERED**:

(1) The pro se Motion for New Counsel (Letter) [**Doc. 149**] and the Motion to Substitute Attorney [**Doc. 163**] are **GRANTED**;

(2) Assistant Federal Defender Nakeisha Jackson and FDSET are **RELIEVED** of representation of Defendant Hodge. Ms. Jackson is **DIRECTED** to provide new counsel with the discovery and information from Defendant's file; and

(3) Attorney Christopher Irwin is **SUBSTITUTED** and **APPOINTED** as Defendant Hodge's counsel of record under the CJA.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge